## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY KERN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: _____ |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| PHILLIPS WORKPLACE | ) |
| INTERIORS, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Timothy Kern, a resident of York County, Pennsylvania, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Phillips Workplace Interiors, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges illegal discrimination on the basis of Plaintiff's age, forty (40) years of age or older, in violation of the laws and statutes of the United States of America, specifically, the Age Discrimination in Employment Act of 1967 (the "ADEA"), as amended, 29 U.S.C. §621 *et seq.*

2.      The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that this

district court has original jurisdiction of all civil actions arising under the laws of the United States.

3.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4.      Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

### A.      Plaintiff

5.      Plaintiff, Timothy Kern ("Mr. Kern" or "Plaintiff"), is an adult male residing in New Cumberland, York County, Pennsylvania, who is currently sixty-four (64) years of age; at the time of start of the acts complained of herein, Mr. Kern was sixty-one (61).

6.      At all times relevant to this Complaint, Mr. Kern was forty (40) years of age or older.

### B.      Defendant

7.      Defendant, Phillips Workplace Interiors, Inc. ("Defendant"), is a Pennsylvania corporation headquartered at 6345 Flank Drive, Harrisburg, Dauphin County, Pennsylvania.

8.     Defendant is an office furniture dealership with locations in Pennsylvania and Maryland.

9.     At all times relevant to this Complaint, Defendant employed in excess of twenty (20) individuals.

## ADMINISTRATIVE PROCEEDINGS

10.     On or about September 8, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), with instructions to dual file the charge with the Pennsylvania Human Relations Commission, which was docketed as EEOC Charge No. 530-2022-06863, alleging that Defendant discriminated against him on the basis of age, including wrongful discharge.

11.     Plaintiff has been advised of his individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated September 27, 2022.

12.     Plaintiff has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.[1]

---

[1]     Plaintiff intends to amend his Complaint to include charges under the Pennsylvania Human Relations Act once those claims have exhausted administrative remedies on or about September 8, 2023.

## STATEMENT OF FACTS

13.    Mr. Kern was employed by Defendant as a salesperson for approximately thirty (30) years.

14.    During his tenure with Defendant, Mr. Kern was a dedicated and exemplary employee and was extremely successful in his role and was, in fact, the leading salesperson for approximately twelve (12) years.

15.    In approximately November 2019, Mr. Kern's supervisor, referencing Mr. Kern's age, asked when he intended to retire.

16.    On or about March 23, 2020, at the start of the COVID pandemic, Mr. Kern and several other employees were furloughed.

17.    At the time of the furlough, Mr. Kern was among Defendant's oldest employees and Defendant's oldest salesperson.

18.    Mr. Kern was informed that the furlough would be temporary.

19.    At no time has Mr. Kern resigned his employment nor has he received any indication from Defendant that it was terminating him or that the furlough would be permanent.

20.    Since the furlough, Defendant has slowly returned other salespersons to work, all of whom were younger than Mr. Kern.

21.    Furthermore, Defendant has since hired additional salespersons, all of whom are younger than Mr. Kern.

22.    Mr. Kern contacted Defendant to inquire as to whether it intended to return him to work.

23.    Mr. Kern has not received any response from Defendant.

24.    Defendant's disparate treatment towards Mr. Kern when compared to the younger salespeople, make it clear that Mr. Kern was subjected to unlawful discrimination because of his age, insofar as younger salespeople have been returned to work from being furloughed, while Mr. Kern remains out of work.

25.    The discrimination set forth above violated Plaintiff's federal rights under the ADEA.

## COUNT I

### ADEA VIOLATION
### AGE DISCRIMINATION

26.    All prior paragraphs are incorporated herein as if set forth fully below.

27.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class, forty (40) years of age or older, under the ADEA.

28.    Defendant unlawfully discriminated against Plaintiff in violation of the ADEA by subjecting Plaintiff to unlawful age discrimination and refusing to return him to work based upon his age.

29.    As a consequence of the Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to perform his job duties and responsibilities

fully and effectively, all of which manifested itself in mental and physical distress, injury, and damage.

30.    As a direct and proximate result of Defendant's conduct of in violating the ADEA by discriminating against Plaintiff on the basis of his age, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to his career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

31.    The actions of Defendant set forth above constitute violations of Plaintiff's federal rights under the ADEA.

WHEREFORE, Plaintiff, Timothy Kern, prays that this Honorable Court enters judgment in his favor and against Defendant, Phillips Workplace Interiors, Inc., and that it enters an Order as follows:

a.    Defendant is to be permanently enjoined from discriminating and/or retaliating against Plaintiff on the basis of his age and/or any basis prohibited under applicable federal and state law;

b.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against

employees based on their disability and/or age, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.      Plaintiff is to be awarded liquidated damages as provided for under the ADEA;

e.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

g.      Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an

effort to ensure Defendant does not engage - or ceases engaging

- in illegal retaliation against Plaintiff or other witnesses to this

action; and

h.    The Court is to maintain jurisdiction of this action after verdict

to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff

respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

December 15, 2022
Date

*/s/ Steve T. Mahan .*
Steve T. Mahan, Esquire (PA #313550)
smahan@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire (PA #83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire (PA # 83410)
lweisberg@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire (PA # 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B

Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*